1 | SEYFARTH SHAW LLP
Robert B. Milligan (SBN 217348)
2 | rmilligan@seyfarth.com
D. Joshua Salinas (SBN 282065)
3 | jsalinas@seyfarth.com
Amy A. Abeloff (SBN 306093)
4 | aabeloff@seyfarth.com
2029 Century Park East, Suite 3500
5 | Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
6 | Facsimile:    (310) 201-5219

7 | Attorneys for Defendant
SURVEY SAMPLING INTERNATIONAL,
8 | LLC

9

10

11

12

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ODELLO, an individual, | Case No. 2:16-cv-03591-MWF-SK |
| Plaintiff, | *[Assigned To The Hon. Michael W. Fitzgerald]* |
| v. | **DECLARATION OF DAWN MERTINEIT IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS, TRANSFER, OR STAY** |
| SURVEY SAMPLING INTERNATIONAL, LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive, | Date:      July 18, 2016 |
| | Time:      10:00 A.M. |
| Defendants. | Crtrm:     1600 - 16th Floor |
| | Judge:     Hon. Michael W. Fitzgerald |
| | Complaint Filed:    May 4, 2016 |

DECLARATION OF DAWN MERTINEIT

27181778v.1

## <u>DECLARATION OF DAWN MERTINEIT</u>

I, Dawn Mertineit, declare as follows:

1.      I am an attorney with the law firm Seyfarth Shaw LLP, which represents the defendant Survey Sampling International, LLC ("SSI") in this litigation.  The following facts are true of my own personal knowledge, as to which I could competently testify.  I submit this declaration in support of SSI's Motion to Dismiss, Transfer, or Stay.

2.      Seyfarth Shaw LLP also represents SSI in a lawsuit that it filed against Richard Odello ("Odello"), the plaintiff in the instant action, in the United States District Court for the District of Connecticut, *Survey Sampling International, LLC v. Richard Odello*, Civil Action No. 3:16-cv-00730-JCH (the "D. Conn. Action").  I am admitted *pro hac vice* in the D. Conn. Action on SSI's behalf.

3.      SSI filed the D. Conn. Action on May 13, 2016 based on Odello's breach of the Confidentiality and Restrictive Covenants Agreement (the "Agreement") that he signed in favor of SSI on or about March 6, 2013.

4.      SSI filed the D. Conn. Action in the United States District Court for the District of Connecticut because the Agreement contains a forum selection clause granting "exclusive jurisdiction" over disputes related to the Agreement in the "state or Federal courts located in Fairfield County, Connecticut USA."  The Agreement also provides that it is governed by Connecticut law "without regard to any portion of any choice of law principles (whether those of Connecticut or any other jurisdiction) that might provide for application of a different jurisdiction's law."

5.      Contemporaneously with the filing of the complaint in the D. Conn. Action, SSI moved on an emergency basis for a temporary restraining order and preliminary injunction to prevent Odello from breaching the Agreement by, *inter*

*alia*, accepting employment with Lucid, LLC ("Lucid") or soliciting certain SSI clients.

6. On Thursday, May 19, 2016 at 9:15 a.m., Chief Judge Janet C. Hall, to whom the D. Conn. Action has been assigned, conducted a telephonic status conference to discuss SSI's request for injunctive relief in the D. Conn. Action. I participated in this status conference along with attorneys Robert B. Milligan and Eric Barton, also of Seyfarth Shaw LLP, and James E. Nealon of Withers Bergman, LLP, all of whom represent SSI in the D. Conn. Action. Also participating in the status conference, on behalf of Odello, were attorneys Glenn A. Duhl and Michael P. McGoldrick, both of Siegel, O'Connor, O'Donnell & Beck, P.C., and Ron S. Brand of Jackson Tidus, who I understand represents Odello in the instant action.

7. In response to counsel for Odello's initial suggestion during the status conference in the D. Conn. Action that Judge Hall should delay her decision on the enforceability of the Agreement, given the pendency of this action in California, Judge Hall stated that doing so would essentially allow Odello to "win by delay," which she was unwilling to allow.

8. Accordingly, Judge Hall determined that first and foremost, she would need to swiftly decide the enforceability of the Agreement's choice of law and forum selection provisions before proceeding further. Judge Hall indicated that the parties should file briefing on the enforceability of those provisions by today, Friday, May 27, 2016, at 12:00 p.m. SSI has submitted its supplemental briefing per Judge Hall's request, and Odello has submitted a motion to dismiss or transfer the D. Conn. Action to this Court. Judge Hall also tentatively set oral argument for June 1, 2016, at 2:00 p.m. (although she indicated that she may rule on the enforceability of the choice of law and forum selection provisions on the papers that the parties have submitted, rather than conducting a hearing on June 1, 2016).

DECLARATION OF DAWN MERTINEIT

9.     Judge Hall indicated that should SSI prevail on the question of enforceability of the choice of law and forum selection provisions, she will then proceed to analyze the enforceability of the Agreement as a whole.

10.     At no point during the status conference in the D. Conn. Action did counsel for Odello inform the court that he intended to move for injunctive relief in this action.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

DECLARATION OF DAWN MERTINEIT

18298665v.1

1        I declare under penalty of perjury under the laws of the United States of

2  America that the foregoing is true and correct and was executed this 27th day of

3  May 2016, at Boston, Massachusetts.

4

5                             Dawn Mertineit

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18298665v.1