# EXHIBIT B

```
                                                                    1

 1                        UNITED STATES DISTRICT COURT
                            DISTRICT OF CONNECTICUT
 2   _____
     SURVEY SAMPLING, INTL,LLC )
 3             Plaintiff      )   NO:3:16cv730(JCH)
                              )
 4   vs.                      )
                              )   May 19, 2016
 5   RICHARD ODELLO           )   9:20 a.m.
               Defendant      )
 6   _____)
                                  141 Church Street
 7                                New Haven, Connecticut

 8
                           TELEPHONIC CONFERENCE
 9
     B E F O R E:
10                   THE HONORABLE JANET C. HALL, U.S.D.J.

11

     A P P E A R A N C E S:
12
     For the Plaintiff    :       James E. Nealon
13                                Withers Bergman, LLP
                                  660 Steamboat Road
14                                Greenwich, CT 06831

15                                Eric Barton
                                  Dawn Mertineit
16                                Robert P. Milligan
                                  Seyfarth Shaw, LLP
17                                1075 Peachtree Street, NE
                                  Atlanta, GA   30309
18

19   For the Defendant    :       Glenn A. Duhl
                                  Michael P. McGoldrick
20                                Siegel, O'Connor, O'Donnell &
                                  Beck, P.C.
21                                150 Trumbull St.
                                  Hartford, CT 06103
22
                                  Ron S. Brand
23                                Jackson Tidus
                                  2030 Main Street
24                                Irvine, CA   92614

25
```

```
 1  At this time we do not have evidence that he has solicited
 2  any of our customers.
 3          THE COURT: All right. I would like to ask the
 4  defendant and when I say briefly, I really mean briefly, what
 5  will be the nature of your defense, putting aside the
 6  arguments that this belongs in California under California
 7  law.
 8          For example, will you seek to claim that there's no
 9  contract because there's no consideration? Will you seek to
10  argue that the scope of the agreement under Connecticut law
11  was not reasonable and therefore, not enforceable? Will you
12  seek to argue and/or will you seek to argue that what he's
13  doing is not within the scope for the sake of argument could
14  be viewed as a reasonable clause in the agreement? If not
15  all of them, will you argue about?
16          MR. DUHL: Glenn Duhl. I believe the thrust of the
17  argument is going to be under the United Rentals versus
18  Pruitt that the case ought to be transferred to California
19  but beyond that, we just got the case 48 hours ago, and I
20  don't -- I have not fully evaluated all the facts to provide
21  you with the defenses at this time in Connecticut.
22          One of them would be the duration and the geographic
23  scope, yes, we're looking at that. If there's no merit to a
24  defense, I'm not going to look further.
25          THE COURT: I'm trying to figure out how to address
```

32

```
 1   the request for the TRO and preliminary injunction, and
 2   obviously I don't have evidence in front of me other than the
 3   affidavits which are not yet subject to cross-examination,
 4   and I don't know everything about the case. I don't know what
 5   I need to know to make a decision, but I guess on first blush
 6   let's put it, it would appear to me that you have an argument
 7   about the forum selection clause shouldn't be enforced.  I
 8   don't know how strong an argument it is.  I haven't looked at
 9   the case law in a few years, but clearly you will make that
10   argument.  I think primarily that's a legal argument.
11           If you lose on that argument, if you are stuck with
12   me here in Connecticut with the forum law selection clause of
13   Connecticut, I know Attorney Duhl knows probably better than
14   I do what the Connecticut case law is.  It seems to me that
15   Scott is still good, while there's some rumblings among the
16   Superior Court judges about what these agreements can and
17   can't be and what can be enforceable.
18           I think it is a question of reasonableness all or
19   nothing.  One year -- I don't know of a case that struck done
20   a one year temporal provision.  The geographic issue I can't
21   comment on.  I don't have a gut reaction because I don't know
22   enough about the nature of Mr. Odello's job and the nature of
23   more importantly of Survey's business.  I have some sense of
24   it but certainly world wide restrictions have been enforced
25   under appropriate circumstances under Connecticut law.
```

33

1        All of this is to say without saying anything, that
2   it seems to me that I have to decide I guess first the issue
3   that's going to get raised by defense about where does this
4   lawsuit belong and what law will apply.  In other words, is
5   the provision in the contract enforceable that it is
6   Connecticut law.
7        I will start with the plaintiff.  And again this is
8   very preliminary, and I'm not in any way suggesting how I'm
9   going to decide or what I'm going to do.  I'm trying to think
10  through the best way to get to the remedy for the plaintiff
11  if they are entitled to it or I guess to send the case to
12  California if the defendants are entitled to that.
13       If I could hear from the plaintiff, then from the
14  defendants your reaction I guess to whether I'm way off base
15  here and if not, how you think you can best go about getting
16  this set up for me to quickly and I mean quickly decide the
17  issue of this forum selection clause enforcement so that if
18  it is enforceable, you are in California.  I will know that.
19  If it is enforceable, I think obviously we're here in
20  Connecticut and it is an entirely different story so
21  plaintiffs first if you would.
22       MR. MILLIGAN:  Yes, your Honor.  With respect to the
23  issue of forum selection and choice of law with respect to
24  forum selection, the U.S. Supreme Court in Atlantic Marine
25  made clear that courts should typically enforce forum

1  far.  Would filing the motion within 21 days be asking for
2  too much?
3           THE COURT:  Yes.  But before we get into the
4  specifics, it is not clear to me what you think the issues
5  are I need to decide and in what order.  Are you telling my
6  that I should sit on my hands while my plaintiff execute the
7  removal to federal court, you file a motion in federal court
8  in California asking -- you file a motion here for me to
9  transfer.  You are saying that's my first issue.
10          If that's the case, then you're winning by delay.
11 Obviously the plaintiff controls when it is removed, but then
12 I would say the day after it is removed, you need to file
13 your motion.  You know you are going to file it.  I don't
14 know. I guess I will have to look at United Rental.
15          It seems to me the whole question of choice of law
16 and forum, yes, you have a prior pending action, and I also
17 used to think that the law in the circuit was kind of black
18 letter.  Whoever got to the courthouse first, rules, but I
19 recently had a case that led me to question that and ruled
20 contrary to that. I can't recall what it was right now
21 because I don't retain everything I do.  It was probably a
22 year ago, but I will find it.
23          So I'm not sure currently whether it is correct that
24 the Second Circuit law is that it doesn't matter how or why
25 you go to the courthouse first, yours controls.  I think

```
 1    there's certainly a question -- yours is a declaratory
 2    judgment action in California, correct?
 3            MR. DUHL: Yes.
 4            THE COURT:  So I guess my feeling, Attorney Duhl,
 5    you tell me why I'm wrong because I probably am.  My feeling
 6    is I need to decide the enforceability of the forum selection
 7    and choice of laws clauses.  I probably would have to do that
 8    in connection with a motion to transfer unless you tell me
 9    I'm wrong.  It's black letter.  You file first in California.
10    You win.  It goes to California regardless of whether
11    California will end up enforcing Connecticut law, for
12    example.
13            Also by taking the transfer issue first, I have
14    effectively decided that the choice of forum is void.  Your
15    case should be pulled to Connecticut if the forum selection
16    clause is enforceable, whether it was filed first or not,
17    right?
18            So I guess I keep coming back that the issues to be
19    decided first is the enforceability of the forum selection
20    and choice of laws clause.  Agree or disagree?
21            MR. DUHL:  You are absolutely right.  The only
22    question and I'm very comfortable and confident in saying
23    that the defendant should prevail that the case has to go to
24    California.
25            I think the question now is how long would your
```

```
 1   obviously that's the case we're relying on.
 2               THE COURT:  I made note of that part of your brief.
 3   I will be honest, I have not had an opportunity to read every
 4   case in your brief.  I look forward to receiving the memos on
 5   this.  If necessary, the oral argument.  Then we'll get a
 6   decision done depending upon what that decision is, we'll
 7   schedule either a hearing or argument on the preliminary
 8   relief that's sort.  That would probably be in a fairly
 9   condensed period of time as well.  Is there anything else?
10   If not, thank you all very much for being available on such
11   short notice.  Take care.
12               (Whereupon, the above hearing adjourned at 9:52
13   a.m.)
14
15   COURT REPORTER'S TRANSCRIPT CERTIFICATE
16   I hereby certify that the within and foregoing is a true and
17   correct transcript taken from the proceedings in the
18   above-entitled matter.
19
20   /s/  Terri Fidanza
21   Terri Fidanza, RPR
22   Official Court Reporter
23
24
25
```

37