EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SURVEY SAMPLING INTERNATIONAL, LLC | : CASE NO. 3:16-cv-00730-JCH |
| Plaintiff, | : |
| v. | : |
| RICHARD ODELLO, | : |
| Defendant. | : MAY 27, 2016 |

### DEFENDANT'S MEMORANDUM OF LAW
### IN SUPPORT OF MOTION TO DISMISS OR TO TRANSFER

Defendant, Richard Odello ("Odello"), submits this memorandum of law in support of his Motion to Dismiss or Transfer.

**I.  ARGUMENT SUMMARY**

Plaintiff, Survey Sampling International, LLC ("SSI"), seeks to enforce in Connecticut post-termination restrictive covenants against Odello, its former employee who has always worked and resided in California, which covenants are void and unenforceable in and under California law and public policy.

This case should be dismissed pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure for improper venue: venue is improper because Odello resides in California and no substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in Connecticut.

Alternatively, this case should be transferred to the Central District of California pursuant to 28 U.S.C. § 1406(a); 28 U.S.C. § 1404(a); and/or the First-File Rule. Even assuming, *arguendo*, that this Court retains jurisdiction with venue in Connecticut, Plaintiff's entitlement to relief should be determined under California law. As set forth

below, transfer to the Central District of California is proper for the convenience of parties and witnesses and in the interest of justice.

II.  **FACTS**

  A.  **Odello's residence in California.**

Odello is, and has been, a California resident his entire life. (Affidavit of Richard Odello (attached as **Exhibit A**) ("Odello Aff."), ¶3; see also Complaint dated May 13, 2013 ("Compl."), ¶4.) Odello lives in Woodland Hills, California. (Id.)

  B.  **Odello worked for SSI in California.**

   1.  *SSI hired Odello in California.*

In 2008 Odello was hired by SSI shortly after his graduation from the University of California Santa Cruz to work in sales support in SSI's Los Angeles office. (Odello Aff. (Ex. A), ¶¶4, 5; see also Compl., ¶17.) SSI is a Delaware limited liability company with its principal office located in Shelton, Connecticut. (Compl. ¶ 3); Odello's interview and hiring took place in California. (Odello Aff. (Ex. A), ¶4.)

   2.  *Odello worked for SSI in California.*

For the entire eight plus years of his employment with SSI, Odello worked solely in SSI's office locations in Southern California including La Quinta, Sherman Oaks and Encino. (Odello Aff. (Ex. A), ¶6.) Odello last worked out of SSI's office located at 1650 Ventura Boulevard, Encino, California, which is a neighborhood of Los Angeles. (Id.)

During his employment with SSI, Odello worked in sales support, sales and sales management. (Id. ¶5.) His duties included evaluating pricing and feasibility of project opportunities; business generation through obtaining new customers and growing business with existing customers; forecasting business performance; and meeting with customers to assess business needs. (Id.) In his most recent role as Vice President of

Sales, Odello managed several people who comprised the sales staff in the western region of the United States, which included hiring, training and performance management. (Id.) Odello also managed a representative in Mexico City, Mexico and a representative in Sao Paulo, Brazil. (Id.) The vast majority of Odello's job duties and responsibilities with SSI were concentrated in either the State of California or in the western United States region. (Id. ¶6.) The states of California, Oregon, Washington, Idaho, Nevada, Utah, Arizona, Montana, Wyoming, Colorado, New Mexico and Texas all fell under Odello's umbrella at one time. (Id.) In 2016 Odello's sales territory was reduced to a geographic region containing California, Oregon, Washington, Idaho, Nevada, Utah and Arizona. (Id.) Odello did not have any clients in Connecticut; he did not perform work or offer services in Connecticut. (Id. ¶7.)

### 3. *SSI requires Odello to sign the Confidentiality and Restrictive Covenants Agreement.*

In February, 2013, Odello was required to execute the Confidentiality and Restrictive Covenants Agreement (the "Non-Competition Agreement"). (Id. ¶¶9, 10.) The Non-Competition Agreement was presented to Odello in California and he signed it in California. There was no negotiation associated with it. (Id.) Odello neither consulted with an attorney nor had an attorney review the Non-Competition Agreement. (Id.) (A copy of the Non-Competition Agreement is attached as Exhibit A-1 to Odello Aff.)

The Non-Competition Agreement contains a post-termination restrictive covenant,[1] which states:

---

[1] This post-termination restrictive covenant violates the laws and public policy of the state of California, and is void and unenforceable in California. (See Sec. III.D, *infra*, p. 13; Sec. IV.B.2.e.i, *infra*, pp. 18-26.)

this circuit consider where the contract was negotiated, where it was executed, where it was to be performed and where the alleged breach occurred. *E.g.*, *United States Surgical Corp. v. Imagyn Med. Techs.*, 25 F. Supp. 2d 40, 45 (D. Conn. 1998).

In this case the Non-Competition Agreement was not negotiated; it was delivered to Odello in California and executed by him in California. (Odello Aff. (Ex. A), ¶¶9. The Non-Competition Agreement was performed by Odello in California. (*See* Ex. A, ¶¶5-8.) The alleged breach of the Non-Competition Agreement occurred in California. (See Compl. ¶¶43-72; Ex. A, ¶¶11-17.)

Additional material acts and events giving rise to Plaintiff's claims against Odello likewise occurred in California, not Connecticut. Odello worked for SSI in California for more than eight years. (Odello Aff. (Ex. A), ¶¶4-7; see also Compl. ¶¶17-19.) Odello did not, and does not, perform work or offer services in Connecticut. (Ex. A, ¶¶4-7, 11, 12.) Odello now works for Lucid in Southern California. (Id. ¶12.) Lucid is based in New Orleans, Louisiana, and Odello's sales territory for Lucid contains states limited to the Western United States: California, Oregon, Washington, Idaho, Nevada, Utah, Arizona, Montana, Wyoming, Colorado and New Mexico. (Id. ¶11.) Any clients at issue are based in California and the Western United States. (See id. ¶¶5-8, 12; Compl. ¶19.) SSI, by and through Odello, provided services to these clients in the Western United States; likewise, Odello/Lucid will provide services to clients in the Western United States, not Connecticut. (See Ex. A, ¶¶5-12.) Venue is, therefore, improper in Connecticut, and this case should be dismissed. *See* Fed. R. Civ. P. 12(b)(3); 28 U.S.C. § 1406(a).

3.  **Alternatively, the case should be transferred to the Central District of California, where venue is proper.**

greater interest than Connecticut in determination of this issue and, absent an effective choice of law by the parties, California is the state of the applicable law.

## V. CONCLUSION

For all the foregoing reasons, Odello moves the Court to dismiss this case, or transfer it to the Central District of California. In the event the Court decides not to dismiss or transfer this case, California law is the applicable law to apply to this action.

**RICHARD ODELLO**

By: /s/ Glenn A. Duhl
Glenn A. Duhl ct03644
Michael P. McGoldrick ct11635
Siegel, O'Connor,
 O'Donnell & Beck, P.C.
150 Trumbull Street
Hartford, CT 06103
GAD: (860) 280-1215
MPM: (860) 280-1224
Fax: (860) 527-5131
gduhl@siegeloconnor.com
mmcgoldrick@siegeloconnor.com

Ron S. Brand phv06631
Jackson Tidus,
 A Law Corporation
2030 Main Street, 12th Floor
Irvine, CA 92614
Tel.: (949) 752-8585
Fax: (949) 752-0597
rbrand@jacksontidus.law